IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICK DEVOLL,

    Plaintiff,                      No. CIV S-09-0337 DAD P

    vs.

DEENA C. FAWCETT, et al.,         ORDER AND

    Defendants.               FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 72-302 and 28 U.S.C. § 636(b)(1).

**SCREENING REQUIREMENT**

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

1

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, ___, 127 S. Ct. 1955, 1965 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 127 S. Ct. at 1965. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

(1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

## PLAINTIFF'S COMPLAINT

In the present case, plaintiff has identified as defendants Deena C. Fawcett, Clerk/Administrator for the California Court of Appeal for the Third Appellate District; Gayle Kelly, Deputy Clerk for the California Court of Appeal for the Third Appellate District; and Norman H. Harebottle, Assistant Clerk/Administrator for the California Court of Appeal for the Third Appellate District. (Compl. at 4.)

In his complaint, plaintiff alleges that, on August 25, 2008, he filed a petition for writ of habeas corpus in the California Court of Appeal for the Third Appellate District. He further alleges that, on October 23, 2008, he mailed to defendants his reply to respondent's opposition to his petition for writ of habeas corpus. Plaintiff alleges that, in a letter dated November 7, 2008, the defendants informed him that the court was returning his reply unfiled and without consideration because the court denied his petition for writ of habeas corpus on November 6, 2008. (Compl. Attach.)

/////

3

Plaintiff alleges that, on November 15, 2008, he submitted a motion for reconsideration to the court. He attached thereto a copy of his reply in support of his habeas petition, which included a stamp indicating that the Central California Appellate Program had received that reply on October 27, 2008. Plaintiff acknowledges that his reply had been sent in error to the California Appellate Program instead of to the California Court of Appeal. Nevertheless, plaintiff alleges that the Central California Appellate Program's date stamp demonstrates that he timely mailed his reply. According to plaintiff, the defendants were obligated to accept and file his reply as well as his motion for reconsideration. Plaintiff alleges that defendants' refusal to do so violated his constitutional rights. (Compl. Attach.)

In the "Relief" section of the form complaint, asking plaintiff to state briefly what he wants the court to do for him, plaintiff requests monetary damages. (Compl. at 5.)

**ANALYSIS**

Plaintiff's complaint fails to state a cognizable claim for relief and should be dismissed. "Court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process." Mullis v. U.S. Bankr. Ct. for the D. of Nev., 828 F.2d 1385, 1390 (9th Cir. 1987). In Mullis, a debtor brought a civil rights action against bankruptcy court clerks alleging that they accepted and filed his bankruptcy petition but then refused to accept and file an amended petition in violation of his constitutional rights. The Ninth Circuit held that the court clerks' refusal to accept and file an amended petition was a basic and integral part of the judicial process, so they were entitled to quasi-judicial immunity from damages. Id.

Here, plaintiff claims that defendants Fawcett, Kelly, and Harebottle are liable for failing to file his reply and motion for reconsideration. Under the decision in Mullis, however, plaintiff's claims are foreclosed as a matter of law. The defendants' decisions regarding whether to accept and file plaintiff's court documents are a basic and integral part of the judicial process. Accordingly, defendants are entitled to absolute quasi-judicial immunity from damages in

4

connection with those actions. <u>Mullis</u>, 828 F.2d at 1390; <u>see</u> <u>also</u> <u>Juarez v. Clerk</u>, U.S. Fed. Ct., No. C 08-5691 RMW (PR), 2009 WL 385796 at *1 (N.D. Cal. Feb. 13, 2009) (district court clerk was entitled to absolute quasi-judicial immunity for allegedly failing to send plaintiff court opinion denying his previously filed federal case); <u>White v. Dep't of Corrs.</u>, No. CIV F-07-1796 OWW DLP PC, 2008 WL 5246161 at *3 (E.D. Cal. Dec. 15, 2008) (California Supreme Court clerk is immune from damages for allegedly refusing to give plaintiff's court documents to magistrate judge); <u>Palacios v. Fresno County Super. Ct.</u>, No. CIV F-08-0158 at *2-3 (E.D. Cal. Feb. 4, 2008) (Fresno County Superior Court clerks were entitled to absolute quasi-judicial immunity for allegedly providing plaintiff with misinformation).

Under these circumstances, no amendment could change the fact that plaintiff's complaint fails to state a cognizable claim. Accordingly, the court will recommend dismissal of this action without leave to amend. <u>See</u> <u>Reddy v. Litton Indus., Inc.</u>, 912 F.2d 291, 296-97 (9th Cir. 1990).

## CONCLUSION

IT IS HEREBY ORDERED that the Clerk of the Court is directed to randomly assign a United States District Judge to this action.

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's February 5, 2009 application to proceed in forma pauperis (Doc. No. 2) be denied; and

2. This action be dismissed due to plaintiff's failure to state a cognizable claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the

/////

specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 17, 2009.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
devo0337.56